United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERPORT INSURANCE COMPANY, a Minnesota corporation,<br><br>          Plaintiff,<br><br>     v<br><br>OAKLAND COMMUNITY HOUSING, INC, a California corporation; CAHON ASSOCIATES, a California limited partnership; THE JOHN STEWART COMPANY, a California corporation; CHARLES FOWLKES, an individual; GREG HYSON, an individual; and LOREN SANBORN, an individual,<br><br>          Defendants<br>_____/ | No   C 08-3883 VRW<br><br>ORDER |

On June 15, 2009, plaintiff Riverport Insurance Company (Riverport) moved for clarification regarding the court's summary judgment ruling, Doc #131. Doc #136. Riverport asks the court to rule on three outstanding issues originally raised in its motion for summary judgment, Doc #53, that the court failed to address in its ruling on the summary judgment motion, Doc #131. The court authorized Riverport to file the motion pursuant to Civ LR 7-11. Doc #139.

I

This order is intended to supplement the court's summary judgment ruling and does not alter any of the court's previous holdings. The parties are familiar with the factual record, available at Doc #131 at 1-4.

Riverport asks the court to rule that: (1) Riverport has no duty to indemnify defendants Oakland Community Housing (OCHI), Cahon Associates (Cahon), Charles Fowlkes or the intervenors on any punitive damages claim in the Scroggins complaint; (2) Riverport has no duty to indemnify OCHI, Cahon, Fowlkes or the intervenors for claims of 47 of the 60 plaintiffs in Scroggins; and (3) Riverport has no duty to indemnify OCHI, Cahon, Fowlkes or the intervenors for any damages awarded to the other 13 Scroggins plaintiffs arising from injury or damage suffered after May 29, 2006. Doc #136 at 3. For the following reasons, the court GRANTS Riverport the relief it seeks.

The court agrees that Riverport is entitled to relief on its first issue because California public policy "prohibits indemnification for punitive damages." PPG Industries, Inc v Transamerica Ins Co, 20 Cal 4th 310, 317 (1999). Riverport thus has no duty to indemnify any punitive damages claim in Scroggins.

Riverport's second and third issues relate to the habitability exclusion in Riverport's insurance policy with defendants. Riverport seeks a declaration that it has no duty to indemnify defendants or intervenors for the second, third, fourth, fifth, sixth and tenth claims in Scroggins for 47 of the 60 plaintiffs in Scroggins, because these claims arose after the habitability exclusion went into effect on May 29, 2006. Doc #53

at 25-29; Doc #136 at 3.  Riverport also seeks declaratory relief that it owes no duty to indemnify defendants or intervenors for any judgment obtained by the other 13 Scroggins plaintiffs for injuries arising after May 29, 2006.  Doc #53 at 29; Doc #136 at 3.

The habitability exclusion expressly disclaims coverage for any claim relating to the conditions of the California Hotel arising on or after May 29, 2006.  Doc #55-2 at 66-67.  The second, third, fourth, fifth, sixth and tenth claims in Scroggins, including breach of warranty of habitability, negligent maintenance, intentional infliction of emotional distress, intentional nuisance, violation of statutory duty and conversion, relate solely to the conditions of the California Hotel.  Doc #78-6.  Through the explicit terms of the habitability exclusion, Riverport has no duty to indemnify OCHI, Cahon, Fowlkes or the intervenors for any of the claims asserted in Scroggins arising on or after May 29, 2006.

In its motion, Riverport demonstrates that 47 of the 60 plaintiffs in Scroggins have either signed releases barring claims prior to May 29, 2006 or assert in the Scroggins complaint, Doc #78-6 at 38 ¶57-58, that their claims do not arise before May 29, 2006.  Doc #53 at 27-29.  Accordingly, Riverport has no duty to indemnify defendants or intervenors for the claims of those 47 plaintiffs.  To the extent the Scroggins court awards damages to any Scroggins plaintiff for damages arising on or after May 29, 2006, the habitability exclusion strips Riverport of any duty to indemnify those damages.

3

II

For the foregoing reasons, Riverport has demonstrated it is entitled to the relief it seeks.  Accordingly, the court GRANTS summary judgment on the three issues outlined above and raised in Riverport's summary judgment motion, Doc #53.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge